UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN NWOGA<br>8 Birch Hollow Lane<br>Sicklerville, NJ 08081<br><br>        Plaintiff,<br><br>v.<br><br>COMMUNITY COUNCIL FOR MENTAL<br>HEALTH AND MENTAL<br>RETARDATION, INC.<br>4900 Wyalusing Avenue<br>Philadelphia, PA 19131<br>        and<br>COMMUNITY COUNCIL HEALTH<br>SYSTEMS, INC.<br>4900 Wyalusing Avenue<br>Philadelphia, PA 19131<br><br>        Defendants. | CIVIL ACTION<br><br>CASE NO.: _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Martin Nwoga (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Defendants and aver as follows:

### INTRODUCTION

1. Plaintiff initiates the instant action to redress unlawful retaliation by Defendants of 42 U.S.C. § 1981. Plaintiff asserts herein that he was terminated from Defendants because he complained of racial discrimination.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Community Council for Mental Health and Retardation Inc. (Defendant "CCMH") is a business entity based in Philadelphia that provides a wide range of emotional and mental health services to the greater Philadelphia community.

8. Defendant Community Council Health Systems, Inc. ("Defendant System") is a business entity that runs, manages, operates, and advertises for Defendant CCMH. Defendants are both so interrelated in management, operations, resources, personnel, and oversight that they are properly considered joint, single, and/or integrated employers for the purposes of this lawsuit.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black, African male, and he speaks with a very apparent accent.

12. Plaintiff is well educated, and he possesses a doctorate degree in education.

13. Plaintiff was hired by Defendants, and he physically worked for Defendants in the greater Philadelphia area.

14. Plaintiff was employed by Defendants as a behavioral specialist for approximately five (5) years.

15. Plaintiff's primary job entailed him providing various levels of care and diagnostic services for children with mental health concerns.

16. In conjunction with Plaintiff performing his regular duties, he worked hand-in-hand with a case manager, primarily one Sandy Short ("Short").

17. Short would work with Plaintiff on various cases, at times assign Plaintiff cases when given permission to do so, and she oversaw cases Plaintiff was handling.

18. Towards the end of Plaintiff's tenure with Defendants, he began being supervised by one John Bailey ("Bailey").

19. Bailey openly exhibited concerns to Plaintiff and management of Defendants about Plaintiff working with clients in light of his discernible and thick accent.

20. Prior to his termination though (discussed *infra*), Plaintiff never had performance concerns, discipline, or any concerns brought to his attention that his accent interfered with his job by clientele.

21. In the September or October of 2009 timeframe, Short attempted to assign Plaintiff minor child as a client ("KJ").

22. Short's attempts to assign KJ to Plaintiff were obstructed though by Bailey, who would not permit Plaintiff to be assigned KJ.

23. Having endured discriminatory treatment and statements from Bailey, Plaintiff addressed concerns of racial discrimination with Short, with Bailey, and with other management. More specifically:

    a) Plaintiff complained that management wrote on a client file "No African."

    b) Plaintiff complained that he was being prohibited from working with certain clientele based upon his race and racial characteristics (his accent).

    c) Plaintiff complained that it was a form of racial discrimination to mistreat him based upon his accent.

24. Short took Plaintiff's complaints seriously, and she personally tried to address them with Bailey.

25. Short specifically told Bailey that she was concerned there was racial discrimination and relayed Plaintiff's complaints of racial discrimination. Bailey openly told Short he did not want Plaintiff working with various clientele because of his accent and race.

26. When Short realized Bailey would not change his discriminatory views, she escalated her complaints to other management, including Lynn Gleaton Johnson.

27. From early to mid-2010, Plaintiff and Short were attempting to address concerns of discriminatory clientele assignments within Defendants.

28. Bailey's conduct was so blatant, he even sent e-mail correspondence amongst management identifying racial preferences.

4

29. Plaintiff was ultimately permitted, through other management, to be given clientele irrespective of his race and accent due to his continued complaints of racial discrimination.

30. However, Bailey had become incensed about Plaintiff's complaints of racial discrimination. Bailey began a campaign of searching for any problem with Plaintiff's performance for any reason to terminate Plaintiff.

31. Bailey began calling Plaintiff's clients directly, requesting client files of Plaintiff, reviewing documentation of Plaintiff, and he overall scrutinized everything Plaintiff was doing within Defendants.

32. In or about July of 2010, Plaintiff was terminated from Defendants despite that Plaintiff had no disciplinary history and despite that Plaintiff was not taken through any progressive discipline steps.

33. Plaintiff was only provided with vague information that a client complained about him by Defendant's management, and Plaintiff was really terminated because of his complaints of racial discrimination.

### Count I
### Violations of 42 U.S.C. Section 1981
### (Retaliation)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff specifically complained of racial discrimination; and after a very good work history, he was terminated solely because of his complaints of racial discrimination.

36. Defendant's actions of terminating Plaintiff constitute violations of 42 U.S.C. Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

i. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

ii. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

iii. Plaintiff is to be awarded punitive damages, as permitted by applicable law, to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

iv. Plaintiff is to be accorded damages for emotional distress and/or pain and suffering and any and all other equitable and legal relief as the Court deems just, proper and appropriate (as permitted under the Statutes she is suing under);

v. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

vi. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

vii.   Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: September 20, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Martin Nwoga : CIVIL ACTION
v.
Community Council for Mental Health
and Mental Retardation, Inc., et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

9/21/2012        Avi R. Kaufy          Plaintiff
**Date**         **Attorney-at-law**   **Attorney for**

215.639.0801    215.639.9970          akaufp@kaufp-law.com
**Telephone**   **FAX Number**        **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6 Birch Hollow Lane, Sicklerville NJ 08081

Address of Defendant: 4900 Wyalusing Ave, Philadelphia PA 19131

Place of Accident, Incident or Transaction: Defendant's Place of Business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/21/2012   _____ Attorney-at-Law   ARK2484  Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/21/2012   _____ Attorney-at-Law   ARK2484  Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NWOGA, MARTIN

**(b)** County of Residence of First Listed Plaintiff: Camden

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
COMMUNITY COUNCIL FOR MENTAL HEALTH AND MENTAL RETARDATION, INC., et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1981

Brief description of cause:
Violations of 42 USC 1981

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE

DOCKET NUMBER

Explanation:

DATE: 9/21/12

SIGNATURE OF ATTORNEY OF RECORD

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]